```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

GARY DRENNAN,

                Plaintiff,

vs.                                             Case No. 16-1090-SAC

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,[1]

                Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. The matter has been fully briefed by the parties.

**I.  General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984

---

[1] On January 20, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security.

(10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in

substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform

their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).  At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence.  Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC).  This RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

**II.  History of case**

On October 24, 2014, administrative law judge (ALJ) Susan W. Conyers issued her decision (R. at 10-18).  Plaintiff alleges that he has been disabled since October 31, 2012 (R. at 10).

Plaintiff is insured for disability insurance benefits through March 31, 2017 (R. at 12).  At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date (R. at 12).  At step two, the ALJ found that plaintiff had medically determinable impairments (R. at 12), but further determined that plaintiff does not have a severe impairment or combination of impairments (R. at 13).  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 18).

**III.  Does substantial evidence support the ALJ's finding at step two that plaintiff does not have a severe impairment or combination of impairments?**

Plaintiff argues that substantial evidence does not support the ALJ's finding at step two.  The burden of proof at step two is on the plaintiff.  See Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993)(the claimant bears the burden of proof through step four of the analysis).  A claimant's showing at step two that he or she has a severe impairment has been described as "de minimis."  Hawkins v. Chater, 113 F.3d 1162, 1169 (10th Cir. 1997); see Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988)("de minimis showing of medical severity").  A claimant need only be able to show at this level that the impairment would have more than a minimal effect on his or her

ability to do basic work activities.[2]  Williams, 844 F.2d at 751. However, the claimant must show more than the mere presence of a condition or ailment.  If the medical severity of a claimant's impairments is so slight that the impairments could not interfere with or have a serious impact on the claimant's ability to do basic work activities, the impairments do not prevent the claimant from engaging in substantial work activity. Thus, at step two, the ALJ looks at the claimant's impairment or combination of impairments only and determines the impact the impairment would have on his or her ability to work.  Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997).  A claimant must provide medical evidence that he or she had an impairment and how severe it was during the time the claimant alleges they were disabled.  20 C.F.R. § 404.1512(c), § 416.912(c).

SSR 85-28 (Medical impairments that are not severe) states the following:

> A claim may be denied at step two only if the evidence shows that the individual's impairments, when considered in combination, are not medically severe, i.e., do not have more than a minimal effect on the person's physical or mental ability(ies) to perform basic work activities.  If such a finding is

---

[2] Basic work activities are "abilities and aptitudes necessary to do most jobs," 20 C.F.R. § 404.1521(b)[416.921(b)], including "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment, responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting." Social Security Ruling 85-28, 1985 WL 56856 at *3; Langley v. Barnhart, 373 F.3d 1116, 1123 (10th Cir. 2004).

> not clearly established by medical evidence, however, adjudication must continue through the sequential evaluation process.
>
> ..........
>
> Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued.

1985 WL 56856 at *3, 4 (emphasis added).[3]

The step two determination is based on medical factors alone. Langley v. Barnhart, 373 F.3d 1116, 1123 (10th Cir. 2004); Williamson v. Barnhart, 350 F.3d 1097, 1100 (10th Cir. 2003); Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988). The step two requirement is generally considered a de minimis screening device to dispose of groundless claims; thus, reasonable doubts on severity are to be resolved in favor of the claimant. Field v. Astrue, Case No. 06-4126-SAC, 2007 WL 2176031 at *4 (D. Kan. June 19, 2007); Brant v. Barnhart, 506 Fed. Supp.2d 476, 482 (D. Kan. 2007); Samuel v. Barnhart, 295 F. Supp.2d 926, 952 (E.D. Wis. 2003); see Lee v. Barnhart, 117 Fed. Appx. 674, 676-677 (10th Cir. Dec. 8, 2004)(Step two is designed to weed out at an early stage those individuals who cannot

---

[3] SSR rulings are binding on an ALJ. 20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).

possibly meet the statutory definition of disability.  While the mere presence of a condition or ailment is not enough to get the claimant past step two, a claimant need only make "de minimus" showing of impairment to move on to further steps in the analysis); Church v. Shalala, 1994 WL 139015 at *2 (10th Cir. April 19, 1994)(citing to SSR 85-28, the court stated that step two is an administrative convenience to screen out claims that are totally groundless solely from a medical standpoint); Newell v. Commissioner of Social Security, 347 F.3d 541, 547 (3rd Cir. 2003)(reasonable doubts on severity are to be resolved in favor of the claimant).

On June 25, 2013, Dr. Kaur reviewed the medical records as of that date and prepared a state agency assessment.  He found that plaintiff's medically determinable impairments were non-severe (R. at 74).  The ALJ accorded great weight to this opinion, stating that his opinion was consistent with the evidence in this case (R. at 17).

On July 8, 2014, plaintiff's treating physician, Dr. Shafei, filled out a form indicating that plaintiff had type II diabetes and a charcot joint or joints.[4]  Dr. Shafei opined that plaintiff could work for 8 hours and was limited to lifting 20 pounds with his left arm (R. at 414).

---

[4] A charcot joint (aka: charcot arthropathy or neuropathic arthropathy) is defined by the American Orthopaedic Foot and Ankle Society as a condition that affects some diabetic patients with peripheral neuropathy (loss of sensation) after 8-10 years. (http://www.aofas.org/footcaremd/conditions/diabetic-foot/Pages/Charcot-Joints-or-Neuropathic-Arthropathy.aspx (March 10, 2017)).

8

On July 16, 2014, following an examination by Dr. Shafei (R. at 416-417), Dr. Shafei filled out a medical source statement-physical (R. at 419-421).  On that form, he stated that plaintiff has pain in his left shoulder.  However, he also stated that plaintiff has no restriction of left arm range of motion (R. at 419).  He further opined that plaintiff is limited to occasionally lifting and carrying 20 pounds and can never reach.  Dr. Shafei indicated that plaintiff can sit for less than 2 hours in an 8 hour workday, and can stand for 2 hours in an 8 hour workday.  He also stated that plaintiff would need to shift positions at will from sitting, standing or walking (R. at 420).

The ALJ accorded no weight to the July 16, 2014 opinions of Dr. Shafei.  The ALJ accorded only some moderate weight to the opinion of July 8, 2014.  In reference to the July 16 report, the ALJ indicated that the opinion consists primarily of a standardized, check-the-box form, in which he failed to provide supporting reasoning or clinical findings, which rendered his opinions less persuasive.  The ALJ pointed out that the opinion of July 8, 2014 is completely inconsistent with the opinion of July 16, 2014.  The ALJ noted that the opinions of Dr. Shafei were not mentioned in the numerous treatment records and are not supported by testing or reasoning which would indicate why plaintiff needs to be so restricted (R. at 17).

In the case of Williamson v. Barnhart, 350 F.3d 1097, 1099 (10th Cir. 2003), the ALJ determined at step two that the claimant did not have a severe impairment and was therefore not disabled. In that case, claimant's treating physician, Dr. Davis, limited plaintiff in his ability to lift, push and pull, stand, walk, sit, climb, kneel, stoop and crawl. Dr. Davis based these findings on clinical symptoms of hypertension, anxiety/depression and frailty. 350 F.3d at 1099.

A physical examination performed on Mr. Williamson revealed no muscle weakness, atrophy, or substantial loss of strength and no evidence of injury or illness except for hypertension. The ALJ found that the assessment by Dr. Davis was deficient, and without supporting medical documentation. The ALJ stated that no clinical findings supported Dr. Davis's medical conclusions. The ALJ found that plaintiff's impairments of controlled hypertension or low weight did not result in significant vocational limitations, and therefore concluded that plaintiff did not have a severe impairment. 350 F.3d at 1099.

In Williamson, the ALJ rejected the opinions of Dr. Davis. The court held that a treating physician's opinion might be rejected if it is brief, conclusory, and unsupported by medical evidence as long as the ALJ sets forth specific, legitimate reasons for such rejection. Here, the court found that the ALJ set forth specific, legitimate reasons for rejecting the

10

assessment of Dr. Davis, and these reasons were supported by the medical record. The court therefore upheld the Commissioner's decision to reject the opinions of Dr. Davis. 350 F.3d at 1099.

In the case presently before the court, the court finds that, first, on July 8, 2014, Dr. Shafei opined that plaintiff was only limited to lifting 20 pounds with his left arm, but could work an 8 hour workday, with no limitations in sitting or standing (R. at 414).[5] However, only 8 days later, Dr. Shafei opined that plaintiff could only sit for less than 2 hours and could stand for 2 hours in an 8 hour workday, which would clearly preclude plaintiff from working a 8 hour workday. The ALJ correctly pointed out that these opinions are clearly inconsistent. The ALJ failed to provide supportive reasoning or clinical findings to support his limitations. There is no explanation for the severe limitations in plaintiff's ability to sit and stand, especially in light of the fact that only 8 days earlier, Dr. Shafei had opined that plaintiff could work an 8 hour day, and did not find any limitations in sitting or standing. These inconsistencies clearly provide a valid basis for the ALJ to discount the opinions expressed by Dr. Shafei on July 16, 2014.

---

[5] The ALJ accorded some weight to this opinion, and in fact concluded that plaintiff was not disabled and could therefore work an 8 hour workday. However, the ALJ rejected the opinion of Dr. Shafei that plaintiff had a lifting limitation with his left upper extremity.

11

Second, Dr. Shafei, in his July 16, 2014 statement, indicated that plaintiff had no restriction in plaintiff's left arm range of motion, but did have pain in his left shoulder (R. at 419).  As noted by the ALJ in his extensive summary of the medical records (R. at 15), plaintiff had surgery on his left shoulder in 2010, but medical records from Dr. Shafei in May and July of 2012 showed normal muscle strength and normal strength and tone in his right and left upper extremities (R. at 321, 317).  Plaintiff had no further complaints with his left shoulder until he tripped and fell on May 15, 2014 (R. at 406).  On May 20, 2014, Dr. Shafei found normal strength and tone in plaintiff's left upper extremity, but also found that his range of motion was slightly decreased in the left shoulder (R. at 407).  Plaintiff was then referred for physical therapy (R. at 409-410).  The goal of therapy was to reduce plaintiff's pain in the left neck and shoulder within 2 weeks (R. at 409).  At the hearing on July 2, 2016, plaintiff testified that he had concluded his physical therapy (R. at 49), and that the physical therapist had told him he was able to return to work and was done with therapy (R. at 50).[6]  By July 16, 2014, Dr. Shafei found that plaintiff had no restriction in plaintiff's left arm range of motion (R. at 419).

---

[6] The ALJ noted that plaintiff continued to work at less than substantial gainful activity levels since the alleged onset date as a truck driver hauling grain (R. at 16).  His employer indicated in 2014 that plaintiff did not need any special assistance or adaptations to do his job, and there were no physical limitations in his ability to work (R. at 185).

The ALJ concluded that the medical record, including the records of Dr. Shafei, showed that plaintiff's shoulder problems were of short-term duration (R. at 15). Disability is defined as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 20 C.F.R. § 404.1505(a). Based on the medical records cited by the ALJ, there is substantial evidence to support a finding that plaintiff has failed to present evidence that his shoulder impairment or injury is a severe impairment which has lasted or can be expected to last for not less than 12 months.

Third, in addition to the medically determinable impairment of a left shoulder injury, the ALJ also found that plaintiff had medically determinable impairments of diabetes mellitus, hyperlipidemia (high cholesterol), hypertension, and gastro esophageal reflux disease. The ALJ summarized the medical records in detail, concluding that they did not clearly demonstrate a severe impairment or combination of impairments (R. at 15-16).

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d

903, 905, 908, 909 (10th Cir. 2002).  Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence.  See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion).  The court can only review the sufficiency of the evidence.  Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice had the matter been before it de novo.  Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

On the facts of this case, the court finds no clear error by the ALJ in her conclusion that the medical evidence fails to establish that plaintiff had a severe impairment or combination of impairments.  The ALJ relied on the opinion of Dr. Kaur that plaintiff had no severe impairments.  In the case before the court, as in Williamson, the ALJ set forth specific, legitimate reasons for rejecting the assessment of Dr. Shafei, and these reasons have support in the medical record.  In Williamson, the court held that a treating physician's opinion might be rejected it if it is brief, conclusory, and unsupported by medical evidence.  In the case before the court, the July 16, 2014 form

14

filled out by Dr. Shafei is a check-the-box form which failed to provide supporting reasoning or clinical findings for his limitations.  It is not at all clear from Dr. Shafei's reports, or his medical records, why plaintiff has the limitations which Dr. Shafei set forth on July 16, 2014, especially when none of those limitations had never been previously expressed in medical treatment records, including fourteen examinations of plaintiff by Dr. Shafei between February 2011 and July 2014 (Doc. 12 at 8).  For all of the reasons set forth above, the court finds that substantial evidence supports the ALJ's conclusion that plaintiff does not have a severe impairment or combination of impairments, and is therefore not disabled.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 14th day of March 2017, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge